UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| CAPSTONE CAPITAL GROUP, LLC and<br>CAPSTONE CREDIT, LLC, | Index No. |
| Plaintiffs, | **COMPLAINT** |
| -- against -- | |
| DANIEL J. HAHN,<br>FRANCISCO JANETZIO MORALES,<br>MARTIN PIÑA,<br>PRIDE OLEO MEXICANA, S.A. de C.V., and<br>PRIDE OIL AMERICANA LLC, | |
| Defendants. | |

------------------------------------------------------------------- x

Plaintiffs Capstone Capital Group, LLC and Capstone Credit, LLC, by and through their attorneys, Crowell & Moring LLP, as and for its Complaint, state and allege as follows:

### The Parties

1. Plaintiff Capstone Capital Group, LLC ("CCG") is a Delaware Limited Liability Company with offices at 810 7th Ave., 27th Floor, New York, New York 10019.

2. Plaintiff Capstone Credit, LLC ("CC") is a Delaware limited liability company with offices at 810 7th Ave., 27th Floor, New York, New York 10019 (together with CCG, "Capstone" or "Plaintiffs").

3. Defendant Daniel J. Hahn is an individual residing at 423 E. North Water Street, Chicago, Illinois 60611 ("Hahn").

4. Defendant Francisco Janetzio Morales is an individual residing at 11624 Laurel Oak Rd. Victoriaville, CA 92392("Morales").

5. Defendant Martin Piña, an individual residing at 1589 Piedmont Street, ChulaVista, CA 91913 ("Piña").

6. Defendant Pride Oleo Mexicana, S.A. de C.V., is a Sociedad Anonima de Capital Variable organized under the laws of the United Mexican States, having a principal place of business in Mexico City, Mexico at Av. Paseo de la Reforma 222 Torre 2A St. 10 MN, Mexico, Mexico City, 06600 ("Pride Mexicana").

7. Defendant Pride Oil Americana LLC, is a Texas limited liability company having a principal place of business in Chicago, Illinois, at 423 E. North Water Street, Chicago, Illinois, 60611 ("Pride Americana").

## Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (a)(1) and (2), because the amount in controversy exceeds $75,000 and the parties are citizens of different states, and a foreign state.

9. Jurisdiction is also proper because the parties have availed themselves of New York law in the contractual agreements at issue in this action, the parties contractually agreed to submit to the jurisdiction of any court sitting within New York state, and Plaintiffs' place of business is New York.

10. Venue is proper because Plaintiffs' offices are located in New York county and because the parties contractually agreed that any action arising under the agreement would be properly venued in New York, New York.

## Factual Background

11. Defendant Hahn owns 50% of the issued and outstanding shares of Pride Americana. Defendant Morales owns the other 50% of the issued and outstanding shares of Pride Americana and Pride Mexicana. Defendant Piña owns 50% of the issued and outstanding shares of Pride Mexicana.

NYACTIVE-19133819.1

12. On October 11, 2019, Capstone entered into credit agreements with Pride Oleo Mexicana, S.A. de C.V. and Pride Oil Americana LLC (collectively, the "Debtors"), under which Capstone agreed to make loans to the Debtor to fund its projects, and receive payments made on the Debtor's accounts receivable ("Credit Agreements"). Specifically, CCG entered into a Purchase Order Financing Agreement ("PO Facility") with Debtors and CC entered into a Factoring and Security Agreement ("FSA") with Debtors. *See* Exhibits 1 and 2. Capstone and Debtors also signed a promissory note that same day for $6,000,000. *See* Exhibit 3.

13. Paragraph 8 of the FSA provides that Debtors grant Capstone a "continuing first priority security interest" in the Collateral, defined in the FSA as all of Debtors' "now owned and hereafter acquired Accounts, Chattel Paper, Inventory, Equipment, Instruments, Investment Property, Letter of Credit Rights, Commercial Tort Claims, and General Intangibles." *See* Exhibit 2.

14. Section 3.2 of the PO Facility states that "The provisions of each [the Security Agreement, the Stock Pledge Agreements, and the Notes (collectively, the "Security Agreement")] are effective to create legal and valid Liens on all the Collateral in respect of which and to the extent such Security Document purports to create Liens in favor of the Secured Party; and upon the proper filing of UCC financing statements, and the taking of all other actions to be taken pursuant to the terms of the Security Documents, such Liens constitute perfected and continuing Liens on the Collateral, securing the Obligations, enforceable against each Debtor to the extent required by the Security Documents."

15. To induce Capstone into entering into the Credit Agreements, Debtors also entered into a Security Agreement with Capstone on the same date, granting Capstone an

3

"irrevocable and unconditional" first priority lien upon and a continuing first priority security interest in all:

 (i) all Accounts of the Debtors

 (ii) all Goods, including Inventory and Equipment of the Debtors;

 (iii) all Contracts and Contract Rights of the Debtors;

 (iv) all Instruments and Chattel Paper of the Debtors;

 (v) all General Intangibles of the Debtors, including all Intellectual Property of the Debtors;

 (vi) all Investment Property and other Financial Assets of the Debtors, including without limitation all lockbox accounts, deposit accounts and other accounts maintained by the Debtors with any financial institution and all monies, securities and other assets credited from time to time to such accounts;

 (vii) all Leases of the Debtors;

 (viii) all Fixtures of the Debtors;

 (ix) all Deposit Accounts of the Debtors;

 (x) all Letter of Credit Rights of the Debtors;

 (xi) all Supporting Obligations that may now or at any time hereafter support the payment or performance of any Account, General Intangible, Chattel Paper, Document, Instrument or Investment Property of the Debtors;

 (xii) all books and records (including computer programs, tapes and related electronic data processing software) relating to the Debtors' Accounts, Inventory, Equipment, Contracts, Intellectual Property, Investment Property, Financial Assets and other assets; and

 (xiii) to the extent not otherwise included, all cash and non-cash Proceeds and products,

(the "Collateral"). *See* Exhibit 4.

16. As further inducement for Capstone to enter into the Credit Agreements, Hahn simultaneously executed a personal guaranty ("Guaranty"), whereby he unconditionally guaranteed the "full and punctual payment and performance" of Debtor's obligations to Capstone

4

NYACTIVE-19133819.1

under the Credit Agreements. *See* Exhibit 5. Hahn agreed that his liability under the Guaranty was "absolute and unconditional" as to amounts past due under the Credit Agreements. As Hahn acknowledges in the terms of the Guaranty, as president of Debtor, he benefitted substantially from Capstone's loan to Debtor under the Credit Agreement. Under the terms of the Guaranty, Hahn also agreed to pay any and all costs associated with Capstone's enforcement of the Credit Agreements and Guaranty, including attorneys' fees.

17. As further inducement to Capstone, and as a condition precedent to the PO Facility, Hahn, Piña, and Morales each executed Membership Interest Pledge Agreements with Capstone, pursuant to which they granted Capstone a first security interest in their membership interests in Pride Mexicana and Pride Americana. *See* Exhibits 6, 7, and 8.

18. Debtors have failed to make payment under the Credit Agreements on the November 14, 2019 invoice in the amount of $8,424,000. Despite repeated assurances by Hahn that payment was forthcoming, Capstone has not received any funds from Debtors or Hahn towards this unpaid invoice.

19. On August 7, 2020, Capstone sent a letter to Hahn and Debtors listing this deficiency, notifying them of their default under the Credit Agreement and Personal Guaranty, and demanding full payment by August 14, 2020 ("Notice of Default"). *See* Exhibit 9.

20. Despite receiving the Notice of Default, Defendants have not made any payments to Capstone.

21. To perfect their security interests in the Collateral, Capstone has made UCC-1 filings with the Texas Secretary of State and the District of Columbia. *See* Exhibit 10 and 11.

NYACTIVE-19133819.1

22. Debtors and Hahn currently owe Capstone the principal amount of $8,424,000 under the Credit Agreements and Guaranty, which they recognized and promised to repay in a letter to Capstone. *See* Exhibit 12.

23. Debtors and Hahn are also liable to Capstone for costs and fees Capstone has incurred in enforcing the Credit Agreements and the Guaranty.

### As and For a First Cause of Action
**(Breach of Contract)**

24. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 of this Complaint with full force and effect, as if fully set forth herein.

25. Debtors are in breach of the Credit Agreements, because they failed to make payment to Capstone owed under the Credit Agreements, even after they were notified of a deficiency.

26. Debtors have been notified of this default, as the Notice of Default was sent to them on August 7, 2020.

27. Despite receiving this notice, Debtors have made no payments to Capstone.

### As and For a Second Cause of Action
**(Breach of Contract)**

28. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 of this Complaint with full force and effect, as if fully set forth herein.

29. Hahn is in breach of the terms of his personal guaranty, because he has failed to make payments to Capstone after he was notified that Debtors had defaulted on its payment obligations under the Credit Agreements.

30. Hahn has been notified of Debtors' default, and the outstanding balances owed to Capstone, by way of the Notice of Default, sent to him personally on August 7, 2020.

NYACTIVE-19133819.1

31. Despite receiving the Notice of Default, Hahn has not made any payments to Capstone.

32. As of the date of the filing of this Complaint, Hahn owes to Plaintiffs the sum of $8,424,000, which amount is subject to credits for collateral retrieved by Plaintiffs. Interest continues to accrue on the outstanding amount at a rate of 3% monthly.

**As and for Third Cause of Action**
**(Foreclosure of Security Interest in Collateral)**

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 of this Complaint with full force and effect, as if fully set forth herein.

34. As set forth above, to secure repayment of Capstone's loans to Debtors made pursuant to the Credit Agreements, Debtors granted Capstone a security interest in the Collateral. Some inventory belonging to either Pride Americana or Pride Mexicana have been located in a storage unit in owned by Aquafarm Pchem, LLC in Crocket, Texas. To perfect its security interest, Capstone filed a UCC-1 financing statement with the Texas Secretary of State on January 27, 2021.

35. Debtors defaulted on the Credit Agreements, as set forth above.

36. As a perfected secured creditor, Capstone is permitted to foreclose on the Collateral.

**As and for Fourth Cause of Action**
**(Foreclosure of Security Interest in Membership Interests)**

37. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 of this Complaint with full force and effect, as if fully set forth herein.

38. As set forth above, to secure repayment of Capstone's loan to Debtors made pursuant to the Credit Agreements, Hahn, Piña, and Morales each executed Membership Interest

and Stock Pledge Agreements with Capstone, pursuant to which they granted Capstone a first security interest in their membership and stock interests in Pride Mexicana and Pride Americana.

39. Debtors defaulted on the Credit Agreements.

40. Capstone is entitled to foreclose on its security interests in Hahn, Piña, and Morales' membership interested in Pride Americana and Pride Mexicana.

## **Request For Relief**

41. Plaintiffs Capstone Capital Group, LLC and Capstone Credit, LLC respectfully request that the Court enter judgment in Plaintiffs' favor, granting the following relief:

a. on the first and second causes of action for breach of contract, awarding damages to Plaintiffs and against Defendants, for breach of contract in an amount to be determined at trial, but in no event less than $8,424,000;

b. on the third and fourth causes of action, an order enjoining and restraining Defendants, their agents, servants, lawyers and partners (current, former, and departing), and employees from transferring, selling, secreting, insulating, disposing, assigning, dissipating, and/or further encumbering the Collateral and/or Defendants Hahn, Piña, and Morales' membership interests in Pride Americana and Pride Mexicana;

c. on the third and fourth causes of action, an order foreclosing Plaintiffs' security interest in the Collateral and Defendants Hahn, Piña, and Morales' membership interests in Pride Americana and Pride Mexicana;

d. on the third and fourth causes of action, an order requiring Defendants to produce all documents evidencing the Collateral and membership interests, including financial information, records, and statements;

NYACTIVE-19133819.1

    e. ordering Defendants to pay all pre-judgment interest pursuant to applicable law, together with interest on all damages from the date judgment is entered until complete payment of the judgment is made;

    f. awarding Plaintiffs their reasonable attorney's fees, court costs and costs of collection; and

    g. granting Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: February 24, 2021
    NewYork, New York

                Respectfully submitted,

                CROWELL & MORING LLP

                By: */s/ Starling Marshall*_____
                 S. Starling Marshall
                 590 Madison Avenue
                 New York, New York 10022
                 *smarshall@crowell.com*
                 (212) 223-4000

                *Attorneys for Plaintiffs*

NYACTIVE-19133819.1