UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPSTONE CAPITAL GROUP, LLC, and
CAPSTONE CREDIT, LLC,

            Plaintiffs,

-against-

DANIEL J. HAHN, FRANCISCO JANITZIO
MORALES, MARTIN PINA, PRIDE OLEO
MEXICANA, S.A. DE C.V., and PRIDE OIL
AMERICANA LLC,

            Defendants.

**ORDER**

21 Civ. 1636 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Capstone Capital Group, LLC and Capstone Credit, LLC commenced this breach of contract and foreclosure of security interest action against Defendants Daniel J. Hahn, Francisco Janitzio Morales, Martin Pina, Pride Oleo Mexicana, S.A. de C.V. ("Pride Mexicana"), and Pride Oil Americana LLC ("Pride Americana") on February 24, 2021. (Dkt. No. 1) On August 20, 2021, this Court entered an order of default against Defendants Hahn and Pride Americana and referred the matter to Magistrate Judge Katharine A. Parker for a report and recommendation ("R&R") regarding Plaintiffs' request for damages. (Dkt. No. 39) On November 10, 2021, this Court entered an order of default against Defendant Pride Mexicana and referred the matter to Judge Parker for an R&R regarding Plaintiffs' request for damages. (Dkt. No. 55)[1]

---

[1] On March 18, 2022, this Court "so ordered" a stipulation entered into by Plaintiffs and Defendants Morales and Pina in which these parties agreed – pursuant to Fed. R. Civ. P. 41(a)(1)(ii) – that Plaintiffs' claims against Morales and Pina would be dismissed with prejudice. (Dkt. No. 74)

On March 15, 2022, Judge Parker issued an R&R concerning the amount of damages that should be awarded against defaulting Defendants Hahn, Pride Americana, and Pride Mexicana. (Dkt. No. 73) Plaintiffs did not file proof of service of the R&R on the defaulted Defendants. Accordingly, on October 10, 2024, Judge Parker directed Plaintiffs to file proof of service on the defaulted Defendants, and to do so by October 18, 2024. (Dkt. No. 75) To date, Plaintiffs have not filed proof of service.

On February 26, 2025, this Court entered an order directing Plaintiffs to show cause by March 13, 2025, why this action should not be dismissed for failure to obey a court order. (Dkt. No. 76) To date, Plaintiffs have not responded in any fashion to this Court's order to show cause. Plaintiffs have not taken any action in connection with this case and have not responded to the Court's directives since stipulating under Fed. R. Civ. P. 41(a)(1)(ii) that the action be dismissed with prejudice as to Defendants Morales and Pina on March 14, 2022. (Dkt. No. 72)

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff[s], and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiffs have not complied with (1) Judge Parker's October 10, 2024 order directing them to file proof of service of her March 15, 2022 R&R on the defaulted Defendants; or (2) this Court's February 26, 2025 order to show cause why this action should not be dismissed for failure to obey a court order. (Dkt. Nos. 75, 76) Moreover, Plaintiffs have taken no action in this case for more than three years. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) ("'[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.'") (alteration in original) (quoting Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008)); see also Peters-Turnbull v. Bd. of Educ. of City of N.Y., No. 96 Civ. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding that delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

Under the second factor, "[t]he question . . . is whether [Plaintiffs] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's February 26, 2025 order warns Plaintiffs that their

case will be dismissed for failure to obey a court order absent a showing of good cause for their failure to serve Defendants. (Dkt. No. 76)

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the [P]laintiff[s have] already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182). This factor weighs in favor of dismissal. Plaintiffs' last action in this litigation took place more than three years ago, and there is no evidence that Plaintiffs intend to take any action in this case in the future.

As to the fifth factor, dismissal is the appropriate sanction. Plaintiffs have not complied with Judge Parker's October 10, 2024 order or this Court's February 26, 2025 order. (Dkt. Nos. 75, 76) "The Court has no reason to suspect that Plaintiff[s] would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff[s] have . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . . [as][c]ourt orders and direction have not prompted plaintiff[s] to move [their] case forward.")).

Viewing the record as a whole and having considered each of the relevant factors, this Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Plaintiffs' remaining claims against Defendants Hahn, Pride Americana, and Pride Mexicana are dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

Dated: New York, New York
      March 31, 2025

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge